# EXHIBIT A

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA

CASE #:2019-025903-CA-01

PAOLO MENICOCCI,

       **Plaintiff,**

v.

OCEAN CC, LLC
d/b/a FORTE DEI MARMI
a Florida Limited Liability Company,

       **Defendants.**
_____/

## AMENDED COMPLAINT

COMES NOW, Plaintiff, PAOLO MENICOCCI ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant OCEAN CC, LLC d/b/a FORTE DEI MARMI collectively "Defendants"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for breach of contract and pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter "FLSA"), to recover unpaid wages, an additional equal amount as liquidated damages, obtain declatory relief and reasonable attorneys' fees and costs.

2. Plaintiff was at all times relevant to this action, and continues to be, a resident in Miami Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

3. Defendant, OCEAN CC, LLC, a Florida Profit Corporation, having its principle place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

4. Defendant, PAOLO MENICOCCI, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, OCEAN CC, LLC.

5. Venue is proper in Miami Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Miami Dade County, Florida and payment was due in Miami Dade County, Florida.

6. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff performed work for Defendant from on or about January 2016 to on or about December 2017 as a non-exempt employee.

8. On or about January 2016, the parties to this cause of action entered into a Written Agreement, whereby the Plaintiff would work for Defendants, and states his employment would last for two years and Plaintiff is entitled to $90,000 per year plus benefits.

9. Throughout Plaintiff's employment with Defendant, Plaintiff performed his duties in an exemplary fashion.

10. However, Plaintiff was not paid for his last month of employment with Defendants and remains owed these wages as prescribed by the United States and the State of Florida.

11. Defendant failed to pay Plaintiff his promised pay and benefits.

12. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected.

## COUNT I
### Breach of Agreement Against
### OCEAN CC, LLC d/b/a FORTE DEI MARMI

13. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 12 of this Complaint as if set out in full herein.

14. Defendants breached their agreement with Plaintiff' by failing to pay the amount due to Plaintiffs' for services provided and performed under their agreement, and by not properly pay Plaintiffs' for all hours worked in violation of the laws of the United States and the State of Florida.

15. Plaintiffs' suffered damages as a result of Defendant's breach of said agreement.

**WHEREFORE**, Plaintiffs' seeks damages from Defendants for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II
### Violation of FLSA / Minimum Wage against
### OCEAN CC, LLC d/b/a FORTE DEI MARMI

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 12 of this Complaint as if set out in full herein.

17. During the course of Plaintiff's employment, Plaintiff was not compensated at all for many hours worked for Defendant.

18. Defendant willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed during the relevant time period.

19. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

20.    At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

21.    Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

22.    By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

23.    Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

24.    As a direct result of Defendant's willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

   **WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages compensation for hours worked within the three (3) years prior to the filing of this complaint, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated:  November 1, 2019                          Respectfully submitted,

/s/Jason S. Remer
Jason S. Remer, Esq.
Florida Bar No.: 165580
jremer@rgpattorneys.com
Elizabeth D. Carlin
Florida bar No.: 753521
ecarlin@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served on November 1 2019, to the party listed on the service list below.

By:  /s/Elizabeth D. Carlin

**SERVICE LIST**

Aaron Reed
Florida Bar No. 0557153
E-mail: areed@littler.com
Stella S. Chu
Florida Bar No. 060519
E-mail: sschu@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida 33131
Tel: (305) 400-7500
Fax: (305) 603-2552
Counsel for Defendant

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE #:

PAOLO MENICOCCI,

      Plaintiff,

v.

OCEAN CC, LLC
d/b/a FORTE DEI MARMI
a Florida Limited Liability Company,
and MARIO ROITMAN, individually,

      Defendants.

_____/

## COMPLAINT

COMES NOW, Plaintiff, PAOLO MENICOCCI ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant OCEAN CC, LLC d/b/a FORTE DEI MARMI and MARIO ROITMAN, individually (collectively "Defendants"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for breach of contract and pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter "FLSA"), to recover unpaid wages, an additional equal amount as liquidated damages, obtain declatory relief and reasonable attorneys' fees and costs.

2. Plaintiff was at all times relevant to this action, and continues to be, a resident in Miami Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

3. Defendant, OCEAN CC, LLC, a Florida Profit Corporation, having its principle place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

4. Defendant, PAOLO MENICOCCI, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, OCEAN CC, LLC.

5. Venue is proper in Miami Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Miami Dade County, Florida and payment was due in Miami Dade County, Florida.

6. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff performed work for Defendant from on or about January 2016 to on or about December 2017 as a non-exempt employee.

8. On or about January 2016, the parties to this cause of action entered into a Written Agreement, whereby the Plaintiff would work for Defendants, and states his employment would last for two years and Plaintiff is entitled to $90,000 per year plus benefits.

9. Throughout Plaintiff's employment with Defendant, Plaintiff performed his duties in an exemplary fashion.

10. However, Plaintiff was not paid for his last month of employment with Defendants and remains owed these wages as prescribed by the United States and the State of Florida.

11. Defendant failed to pay Plaintiff his promised pay and benefits.

12. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected.

## COUNT I
### Breach of Agreement Against
### OCEAN CC, LLC d/b/a FORTE DEI MARMI

13. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 12 of this Complaint as if set out in full herein.

14. Defendants breached their agreement with Plaintiff by failing to pay the amount due to Plaintiffs' for services provided and performed under their agreement, and by not properly pay Plaintiffs' for all hours worked in violation of the laws of the United States and the State of Florida.

15. Plaintiffs' suffered damages as a result of Defendant's breach of said agreement.

**WHEREFORE,** Plaintiffs' seeks damages from Defendants for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II
### Violation of FLSA / Minimum Wage against
### OCEAN CC, LLC d/b/a FORTE DEI MARMI

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 12 of this Complaint as if set out in full herein.

17. During the course of Plaintiff's employment, Plaintiff was not compensated at all for many hours worked for Defendant.

18. Defendant willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed during the relevant time period.

19. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

20. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

21. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

22. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

23. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

24. As a direct result of Defendant's willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so

willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.   Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages compensation for hours worked within the three (3) years prior to the filing of this complaint, with interest; and

C.   Award Plaintiff an equal amount in double damages/liquidated damages and

D.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### Wage & Hour Federal Statutory Violation Against
### MARIO ROITMAN

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 12 of this Complaint as if set out in full herein.

26. This action is brought by Plaintiff to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

27. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

28. At the times mentioned, Defendant had the authority and/or power to alter the terms and conditions of Plaintiff's employment in the areas of her employment (hire/fire), scheduled hours and/or rate of pay.

29. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

30. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

31. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Adjudge and decree that Defendant is an individual with operational control and is, thus, jointly and severally liable under the FSA for unpaid wages at issue;

C. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage compensation for hours worked in excess of forty (40) weekly, with interest;

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

F. Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated _____ 8-30-19 _____

Respectfully submitted,

Jason S. Remer, Esq.
Florida Bar No.: 165580
jremer@rgpattorneys.com
Miriam Brooks, Esq.
Fla. Bar No.: 0118144
mbrooks@rgpattorneys.com
Manuel A. Antommattei, Esq.
Fla. Bar No.: 1010327
maa@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

Filing # 95062967 E-Filed 08/30/2019 03:25:23 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law.  This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes.  (See instructions for completion.)

### I.     CASE STYLE

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>Paolo Menicocci</u>
 Plaintiff
            vs.
<u>Mario Roitman, Ocean CC , LLC</u>
Defendant

### II.     TYPE OF CASE

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
 ☐ Business governance
 ☐ Business torts
 ☐ Environmental/Toxic tort
 ☐ Third party indemnification
 ☐ Construction defect
 ☐ Mass tort
 ☐ Negligent security
 ☐ Nursing home negligence
 ☐ Premises liability – commercial
 ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
 ☐ Commercial foreclosure $0 - $50,000
 ☐ Commercial foreclosure $50,001 - $249,999
 ☐ Commercial foreclosure $250,000 or more
 ☐ Homestead residential foreclosure $0 – 50,000
 ☐ Homestead residential foreclosure $50,001 - $249,999
 ☐ Homestead residential foreclosure $250,000 or more
 ☐ Non-homestead residential foreclosure $0 - $50,000
 ☐ Non-homestead residential foreclosure $50,001 - $249,999

☐ Non-homestead residential foreclosure $250,00 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
 ☐ Malpractice – business
 ☐ Malpractice – medical
 ☐ Malpractice – other professional
☒ Other
 ☐ Antitrust/Trade Regulation
 ☐ Business Transaction
 ☐ Circuit Civil - Not Applicable
 ☐ Constitutional challenge-statute or ordinance
 ☐ Constitutional challenge-proposed amendment
 ☐ Corporate Trusts
 ☒ Discrimination-employment or other
 ☐ Insurance claims
 ☐ Intellectual property
 ☐ Libel/Slander
 ☐ Shareholder derivative action
 ☐ Securities litigation
 ☐ Trade secrets
 ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III.    REMEDIES SOUGHT** (check all that apply):
☒    Monetary;
☒    Non-monetary declaratory or injunctive relief;
☐    Punitive

**IV.    NUMBER OF CAUSES OF ACTION: (    )**
(Specify)

<u>3</u>

**V.    IS THIS CASE A CLASS ACTION LAWSUIT?**
☐    Yes
☒    No

**VI.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒    No
☐    Yes – If "yes" list all related cases by name, case number and court:

**VII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒    Yes
☐    No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Jason S Remer</u>        FL Bar No.:  <u>165580</u>
          Attorney or party                                    (Bar number, if attorney)

<u>Jason S Remer 09/04/2019</u>
          (Type or print name)                                Date

Case 1:19-cv-24705-AOR Document 1-2 Entered on FLSD Docket 11/13/2019 Page 17 of 22

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE #: 2019 - 025903-CA-01

PAOLO MENICOCCI,

       Plaintiff,

v.

OCEAN CC, LLC
d/b/a FORTE DEI MARMI
a Florida Limited Liability Company,
and MARIO ROITMAN, individually,

       Defendants.

_____/

## SUMMONS IN A CIVIL CASE

TO: OCEAN CC, LLC., through its Registered Agent:

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

                 DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE #: 2019-025903-CA-01

PAOLO MENICOCCI,

      Plaintiff,

v.

OCEAN CC, LLC
d/b/a FORTE DEI MARMI
a Florida Limited Liability Company,
and MARIO ROITMAN, individually,

      Defendants.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** MARIO ROITMAN

MARIO ROITMAN
1001 BRICKELL BAY DRIVE
SUITE 306
MIAMI, FL 33131

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK
_____

                         DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE #: 2019-025903-CA-01

PAOLO MENICOCCI,

      Plaintiff,

v.

OCEAN CC, LLC
d/b/a FORTE DEI MARMI
a Florida Limited Liability Company,
and MARIO ROITMAN, individually,

      Defendants.

                           /

## SUMMONS IN A CIVIL CASE

TO: OCEAN CC, LLC., through its Registered Agent:

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts

CLERK

219401

(BY) DEPUTY CLERK

DATE    9/26/2019

Filing # 96189431 E-Filed 09/24/2019 11:37:14 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE #: 2019-025903-CA-01

PAOLO MENICOCCI,

      Plaintiff,

v.

OCEAN CC, LLC
d/b/a FORTE DEI MARMI
a Florida Limited Liability Company,
and MARIO ROITMAN, individually,

      Defendants.

_____/

### SUMMONS IN A CIVIL CASE

**TO:** MARIO ROITMAN

MARIO ROITMAN
1001 BRICKELL BAY DRIVE
SUITE 306
MIAMI, FL 33131

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK
Clerk of Courts

_____

21940

(BY) DEPUTY CLERK

DATE   9/26/2019

## RETURN OF SERVICE

State of Florida       County of MIAMI DADE       Circuit Court

Case Number: 2019-025903-CA-01

Plaintiff:
**PAOLO MENICOCCI**

vs.

Defendant:
**OCEAN CC, LLC d/b/a FAORTE DEI MARMI a Florida Limited Liability Company,
and MARIO ROITMAN, individually**

PPJ2019004336

For:
JASON REMER
Remer & Georges-Pierre, Pllc.
44 West Flagler Street
Suite 2200
Miami, FL 33130

Received by PRESTIGE PROCESS on the 14th day of October, 2019 at 10:53 am to be served on **Ocean Cc, Llc., Through Its Registered Agent: Corporation Service Company, 1201 HAYS STREET, TALLAHASSEE, FL 32301.**

I, JESSICA POWELL, do hereby affirm that on the **14th day of October, 2019** at **2:00 pm, I:**

served a **CORPORATE, PARTNERSHIP, ASSOCIATION OR GOVERNMENT SERVICE** by delivering a true copy of the **SUMMONS IN A CIVIL CASE and COMPLAINT** with the date and hour of service endorsed thereon by me, to: **Sheena Kruse** as **Service Liaison** authorized to accept service, of the within named corporation, at the address of: **1201 HAYS STREET, TALLAHASSEE, FL 32301** on behalf of **Ocean Cc, Llc., Through Its Registered Agent: Corporation Service Company,** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 35, Sex: F, Race/Skin Color: White, Height: 5'6", Weight: 140, Hair: Light Brown, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.       "Under penalties of perjury, I declare that I have read the foregoing document and that the facts in it are true" F.S. 92.525. NOTARY NOT REQUIRED PURSUANT TO FS 92.525

JESSICA POWELL
268

PRESTIGE PROCESS
14311 BISCAYNE BLVD
SUITE 613634
MIAMI, FL 33181
(786) 916-2424

Our Job Serial Number: PPJ-2019004336

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.0n

Filing # 96189431 E-Filed 09/24/2019 11:37:14 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE #: 2019-025903-CA-01

PAOLO MENICOCCI,

    Plaintiff,

v.

OCEAN CC, LLC
d/b/a FORTE DEI MARMI
a Florida Limited Liability Company,
and MARIO ROITMAN, individually,

    Defendants.

_____/

JP258
OCT 14 2019
2pm

## SUMMONS IN A CIVIL CASE

TO: OCEAN CC, LLC., through its Registered Agent:

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.
Harvey Ruvin,
    Clerk of Courts

CLERK _____

219401

(BY) DEPUTY CLERK

DATE    9/26/2019